■ LUIGI DE MARINIS, Respondent, v. BENJAMIN MILLER et al., Appellants.— In a negligence action to recover damages for personal injuries, defendants appeal from a judgment of the Supreme Court, Westchester County,

entered October 27, 1971, in favor of plaintiff upon a jury verdict. Judgment reversed, on the facts, and new trial granted, with costs to abide the event. The primary question is whether the finding, implicit in the jury's verdict, that plaintiff was free from contributory negligence was supported by a preponderance of the credible evidence. Plaintiff was struck by defendants' automobile while he was attempting to cross the two lanes of Westchester Avenue, both westbound. The accident occurred approximately 100 feet east of a point where the entranceway for the IBM offices cuts off from the right-hand lane. At this same point, there is a traffic light over Westchester Avenue. The accident occurred at approximately 8:10 A.M. on a weekday. It had previously snowed and the roadway was wet and slushy. Plaintiff testified that when he crossed the roadway, the light facing westbound traffic was red. He looked to the east and saw one car coming toward him, approximately 1,000 feet away as he started his crossing. When he reached the left-hand lane, the car was about 500 or 600 feet away. This same car struck plaintiff when he was about three feet from the left-hand shoulder. A witness, called by plaintiff, testified that he was driving in the right-hand lane at about 20 miles per hour, about to enter the IBM driveway. He saw plaintiff slip to his hands and knees on the right-hand shoulder, get up and run across the roadway. Plaintiff was 30 to 50 feet in front of the witness' car. Without objection, the witness offered the observation that plaintiff did not appear to see defendants' car. The witness testified that defendants' car was traveling at about 35 miles per hour. Defendant Richard Miller testified that he had been going 45 miles per hour in this 50-mile per hour zone. He took his foot off the accelerator as he started to pass a line of cars waiting to get into the IBM driveway and his car slowed up. He first saw plaintiff when the latter ran from in front of one of the cars in the right lane. Plaintiff's witness, defendant Richard Miller and a patrolman who arrived shortly after the accident all testified that the overhead traffic light showed a continuous flashing amber for westbound traffic. This testimony was corroborated by that of the policeman in charge of traffic co-ordination for the Town of Harrison. In our opinion, the overwhelming weight of the evidence does not support the finding that plaintiff was free from contributory negligence. All the credible evidence points to the fact that plaintiff darted out into traffic after falling down on the shoulder, without properly assessing the road and traffic conditions. Furthermore, we find plaintiff's version of the facts leading to the accident incredible. If defendants' car was 1,000 feet away when plaintiff started to cross the two-lane highway, and if plaintiff ran across the highway, as testified to by him, then it is inconceivable that this car could have struck him. All the credible evidence mandates the conclusion that there was a progression of cars in the right lane and that plaintiff ran between these cars into the left lane. Additionally, in the light of the testimony of several disinterested witnesses, plaintiff's testimony that he crossed only after the light turned red is unworthy of belief. Hopkins, Acting P. J., Martuscello and Christ, JJ., concur; Munder and Gulotta, JJ., dissent and vote to affirm.